IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH WRIGHT, <br><br> Plaintiff, <br><br> v. <br><br> DJ INTERNATIONAL RECORDS, *et al.*, <br><br> Defendants. | No. 21-cv-5085 <br><br> Judge Franklin U. Valderrama |

## ORDER

Before the Court is Plaintiff Kenneth Wright's (Wright) Second Amended Complaint (SAC). R. 51, SAC. Wright, proceeding *pro se*, brings claims against numerous music industry Defendants for their alleged use of his recording without his consent and without payment of any royalties or compensation, asserting, among other claims, causes of action for copyright infringement, breach of contract, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 505/2. SAC.

On February 9, 2024, the Court issued a lengthy Order (the Order) granting Defendant SoundExchange's motion to dismiss the First Amended Complaint (FAC). R. 50, Order. The Court dismissed all counts against SoundExchange with prejudice, finding that Wright's copyright infringement claims and related declaratory judgment claims (Counts I through III) were beyond the statute of limitations, and the remaining state law claims (Counts IV through IX) failed to state a claim against SoundExchange. *Id.* at 30–32. It also dismissed all claims against the remaining Defendants (apart from DJ International Records (DJ International) and Pop Star) without prejudice and dismissed Counts I through III against DJ International and Pop Star without prejudice, finding that the arguments raised by SoundExchange applied with equal force to those claims against the remaining defendants. *Id.* at 32–34 (citing, *inter alia*, *Bradley v. Sabree*, 842 F.3d 1291, 1293 n.1 (7th Cir. 2016)).

As explained in detail in the Order, the Court found that the FAC at bottom alleged claims for copyright ownership, and therefore accrued "when the ownership dispute becomes explicit—that is, when the claimant has notice that his claim of ownership is repudiated or contested." Order at 15–16 (quoting *Consumer Health Info. Corp. v. Amylin Pharms., Inc.*, 819 F.3d 992, 996 (7th Cir. 2016)). It found that Wright's copyright claims therefore accrued when he executed a "Contract for

Recording Artists" (the Recording Agreement) with DJ International in 1986 and an Exclusive Songwriter's Agreement with Pop Star (the Publishing Agreement, together with the Recording Agreement, the Agreements)[1] in 1987, and were therefore well beyond the Copyright Act's three-year statute of limitations. *Id.* at 13, 16. The same analysis applied to Wright's declaratory judgment claim (Count I), in which Wright sought a declaration that he owns the copyright to "All Dis Music," and therefore it was also beyond the statute of limitations. *Id.* at 17 (citing *Greenhill v. Vartanian*, 2017 WL 5294039, at *6 (N.D. Ill. Nov. 13, 2017) *aff'd,* 917 F.3d 984 (7th Cir. 2019)).

That was not the end of the analysis, however, as the Court noted that in his response, Wright appeared to argue that Defendants were violating the copyright to "All Dis Music" because he terminated the copyright ownership that he had assigned to DJ International and Pop Star. Order at 17–18 (citing R. 39, FAC Resp. at 4). Looking to the case cited by Wright, *Waite v. UMG Recordings, Inc.*, 450 F. Supp. 3d 430, 432 (S.D.N.Y. 2020), the Court found that under 17 U.S.C.A. § 203, an author could terminate assignment of a copyright under certain circumstances. *Id.* at 18–19. Wright attached a notice of termination as an exhibit to the FAC, which the Court found was deficient to validly terminate the assignment under 17 U.S.C.A. § 203 for several reasons explained in detail in the Order. *Id.* at 19–20. The Court advised Wright that, although based on the FAC's allegations and incorporated exhibits, Wright had not adequately pled termination of the copyright assignment, if he could do so in a second amended complaint, such a copyright claim would be timely. Order at 18–20, 35. The Court explicitly stated that "the notice of termination attached to Wright's FAC is not compliant with Section 203 of the Copyright Act, so any amended copyright infringement claim would have to be based on a different notice of termination." *Id.*

Turning to the SAC, Wright brings the same claims alleged in the FAC, save for Count IX, which alleged generally that Defendants engaged in misconduct. *See* SAC; R. 36, FAC. He brings them against the same Defendants except for SoundExchange, which the Court dismissed with prejudice in the Order.

As with the FAC, Wright again alleges that he owns the copyright for "All Dis Music," as he applied for copyright registration before entering into the Recording Agreement. SAC ¶¶ 39, 47, 66, 104–108. The SAC again cites to the Recording Agreement and Publishing Agreement and lists the percentage of royalties and

---

[1] As stated in the Order, because Wright referenced the Agreements in the FAC and they are central to his claims, they are considered part of the pleadings and the Court could consider them for purposes of a statute of limitations analysis. *See Allstate Life Ins. Co. v. Peoplesoft, Inc.*, 2004 WL 1375383, at *2 (N.D. Ill. May 26, 2004) (considering contract referenced in complaint and attached to motion to dismiss to determine whether the contract was for goods and services, and accordingly what statute of limitations applied, and finding that claim was time-barred).

publishing profits he was entitled to under the Agreements. *Id.* ¶ 106 (citing R. 37-1, Rec. Agrmt. ¶¶ 3, 5, 6; R. 37-2, Pub. Agrmt. ¶¶ 7, 9); *see id.* ¶¶ 30, 33, 102 (alleging that Defendants failed to pay Wright owed royalties as required by the Agreements).

Wright adds several allegations to the SAC, alleging that DJ International allowed the other Defendants to disseminate "All Dis Music" without valid licensing agreements and they therefore infringed his copyright within the last three years. *See* SAC ¶¶ 42–43. The problem for Wright, however, is that, even construing the allegations in the light most favorable to Wright, the SAC, like the FAC, alleges that Wright assigned his copyrights to Pop Star and DJ International in exchange for royalties and alleges that they owe him royalties based on those Agreements. *Id.* Therefore, as with the SAC, the Court again finds that, "[a]lthough Wright attempts to frame his claims as one for infringement, the 'gravamen of [his] copyright [claims]' depends on the validity of the assignment of his copyrights to DJ International and Pop Star via the Agreements." Order at 15–16 (quoting *Consumer Health Info.*, 819 F.3d at 996). And as the Seventh Circuit stated in *Consumer Health Info.*, "ownership claims accrue only once, when the claimant receives notice that his ownership has been expressly repudiated or contested." 819 F.3d at 997 (cleaned up). Here, Wright's copyright claims accrued at the time Wright executed the Recording Agreement in 1986 and the Publishing Agreement in 1987 and are well beyond the three-year statute of limitations. *Id.* at 16. Wright's attempt to allege that Defendants infringed his copyright based on invalid or non-existent licensing agreements, therefore, do not make his claim timely. *Consumer Health Info.*, 819 F.3d at 996–97.

The Court does not see anything in the SAC alleging that Wright terminated the Agreements, much less that he did so in accordance with 17 U.S.C. § 203's requirements. *See* SAC. Therefore, for the same reasons the Court discussed in detail in the Order, the Court finds Wright's copyright claims (Counts II and III) are time-barred. So too as to Wright's declaratory judgment claim, seeking a declaration that Wright "now and at all relevant times has ownership to the copyright registration issued by the United States Copyright Office for '1 sound cassette + lyrics" entitled "All Dis Music.'" SAC ¶ 47; *see Greenhill*, 2017 WL 5294039, at *6. Wright's copyright claims and declaratory judgment claim are therefore dismissed with prejudice as untimely.

Because the Court dismisses Wright's federal claims, it must determine whether it has jurisdiction—or should exercise supplemental jurisdiction—over Wright's remaining state law claims. The SAC alleges that diversity jurisdiction exists under 28 U.S.C. § 1332. SAC ¶ 3. As the Court stated in the Order, "[a] Court has diversity jurisdiction under 28 U.S.C § 1332(a) only when there is complete diversity, which 'exists only if none of the defendants has the same citizenship as any plaintiff.'" Order at 8 (quoting *City of E. St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066, 1070 (7th Cir. 2023)). Wright alleged in the SAC that he is a "resident" of California. SAC ¶ 8. Because diversity jurisdiction is based on citizenship (or

domicile), not residency, the Court directed Wright to file a supplemental statement on the docket as to his domicile at the time of the filing of the lawsuit. R. 53. In his statement of domicile, Wright states that he is domiciled in California. R. 54. He therefore is a citizen of California for purposes of determining diversity jurisdiction. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). The SAC alleges that Defendant Universal Music Group "is a corporation created under the laws of the State of California." SAC ¶ 18. Universal Music Group therefore is a citizen of California, so complete diversity does not exist. The Court therefore does not have diversity jurisdiction under 28 U.S.C. § 1332(a).

In line with Seventh Circuit precedent, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See Duehning v. Aurora E. Unified Sch.*, 102 F. Supp. 3d 968, 981–82 (N.D. Ill. 2015) (citing, *inter alia*, *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010); *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.")). There are three exceptions to the presumption of relinquishing supplemental jurisdiction: "when the [refiling] of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Duehning*, 102 F. Supp. 3d at 982. None of the exceptions are applicable here. As to the second and third exceptions: the case is at an early stage, so, although the Court has now considered the sufficiency of two complaints, significant resources have not been expended yet, and it is not clear as to how the state-law claims should be decided. As to the first exception, "the statute of limitations for [Wright's] state law claims was tolled during the pendency of this action and will continue to be tolled for an additional thirty days after dismissal pursuant to 28 U.S.C. § 1367(d). Under the Illinois Savings Statute, 735 Ill. Comp. Stat. 5/13–217, where a federal court relinquishes supplemental jurisdiction over state law claims, a plaintiff has one year following dismissal to file those claims in state court." *Duehning*, 102 F. Supp. 3d at 982 (cleaned up). Therefore, Wright will be able to file his state-law claims in state court.

As stated above, the Court dismisses Counts I through III with prejudice as time-barred, and dismisses Counts IV through VIII without prejudice, as it declines to exercise supplemental jurisdiction over those claims. Wright has one year from the date of this Order to file his state-law claims in state court. *See Duehning*, 102 F.

Supp. 3d at 982 (citing *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008)). Civil case terminated.

Dated: October 4, 2024

_____
United States District Judge
Franklin U. Valderrama